IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2018 JUL 16 PM 4:50
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| DAWN C. KUJAWA, § § Plaintiff § § v. § § NANCY A. BERRYHILL,[1] § ACTING COMMISSIONER OF THE § SOCIAL SECURITY ADMINISTRATION § § Defendant § | NO. EP-16-CV-81-MAT |

## OPINION

This is a civil action seeking judicial review of an administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff Dawn C. Kujawa appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. The parties consented to the transfer of the case to this Court for determination and entry of judgment. *See* 28 U.S.C. § 636(c); Local Court Rule CV-72. For the reasons set forth below, the Commissioner's decision will be **AFFIRMED**.

### I. PROCEDURAL HISTORY

Kujawa was forty-two years old at the time of her hearing before the Administrative Law Judge ("ALJ"). (R. 44).[2] She graduated from high school and obtained a Certified Nursing Assistant License, and she worked as a certified nurse assistant, quality control employee at a printing business, assistant manager at Storage USA, salesperson at a mall kiosk, and assistant

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this case.

[2] Reference to the record of administrative proceedings is designated by (R.[page number(s)]).

1

manager at Blue Eagle Book Shop. (R. 44, 46-48). Kujawa filed an application for DIB on July 23, 2012, and an application for SSI on July 27, 2012, in which she alleged disability beginning on August 9, 2011, due to fibromyalgia, chronic pain, lumbar and cervical spine pain, bipolar disorder, depression, anxiety/panic disorder, irritable bowel syndrome, severe dyslexia, and migraine headaches. (R. 149-56, 191). After her applications were denied initially and upon reconsideration, Kujawa requested a hearing. (R. 76-83, 88-93, 95-97). On May 23, 2014, a hearing was conducted before the ALJ. (R. 38-68). On August 15, 2014, the ALJ issued a written decision denying benefits on the ground that Kujawa was capable of performing jobs that exist in significant number in that national economy. (R. 13-23). On January 21, 2016, the Appeals Council denied Kujawa's request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-3).

In her written decision, the ALJ found that Kujawa had the following severe impairments: Degenerative Disc Disease of the Lumbar Spine; Fibromyalgia; Migraine Headaches; Sleep Apnea; Bipolar Disorder; Post-Traumatic Stress Disorder; and Borderline Personality Disorder. (R. 15). The ALJ determined that Kujawa had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb stairs and ramps, balance, stoop, crouch, kneel, and crawl; the claimant should never climb ladders, ropes, or scaffolds; the claimant must avoid frequent exposure to temperature extremes; and the claimant should avoid unprotected heights. The claimant is limited to understanding, remembering, and carrying out only simple instructions; she is able to maintain attention and concentration to perform only simple tasks for two hours at a time without requiring redirection to task; and she can have only superficial interactions with co-workers.

(R. 18). Kujawa argues that the ALJ failed to (1) give good cause for rejecting a treating physician's opinions and (2) consider the *Newton* factors when rejecting those opinions.

2

## II. DISCUSSION

### A. STANDARD OF REVIEW

The Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citation omitted).

In determining whether there is substantial evidence to support the findings of the Commissioner, the Court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted). If the Commissioner applied the proper legal standards and the findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

### B. THE ALJ DID NOT ERR IN HER TREATMENT OF THE RECORDS AT ISSUE

Kujawa argues that the ALJ erred in (1) affording findings by Raj Marwah, M.D., little weight without good cause and (2) failing to analyze the *Newton* factors. (Pl.'s Br., ECF No. 19,

at 10-13). The records at issue are an Application for Persons with Disabilities Parking Placard and/or License Plate ("disability parking placard") (R. 393-94) completed by Dr. Marwah, and prescriptions issued by Dr. Marwah for bathtub handrails (R. 848) and a walker (R. 849). Kujawa asserts that these records are medical opinions and that their findings are incompatible with the ALJ's RFC determination.

As an initial matter, the Court notes that Kujawa has failed to provide any statute, regulation, or case law establishing that the disability parking placard qualifies as an opinion that must be afforded any weight. *See Halsell v. Astrue*, 357 F. App'x 717, 722 (7th Cir. 2009) ("[The claimant] argues that the ALJ should have given weight to her successful application for a disability parking placard [which was completed by her primary physician], but the placard proves nothing unless the disability standard is the same."); *Wilson v. Colvin*, No. 13-CV-113-FHM, 2014 WL 357052, at *3 (N.D. Okla. Jan. 31, 2014) ("To be clear, the court does not consider the handicapped parking application to be opinion evidence that the ALJ was necessarily required to discuss in detail, . . ."); *Bryant v. Astrue*, No. 09-4159-RDR, 2010 WL 4628721, at *7 (D. Kan. Nov. 8, 2010) ("In this instance, the court does not believe [the treating physician's comment on the application for a disability parking placard] is so probative as to require discussion."); *Livingston v. Astrue*, No. 09-14202-CIV, 2010 WL 5851124, at *8 (S.D. Fla. Feb. 26, 2010) ("[D]isabled parking permits are generally of little relevance to a formal disability analysis."). Kujawa's attorney performs a thorough job of distinguishing Kujawa's circumstances with those of the claimants in the aforementioned cases. (Reply, ECF No. 22). Nonetheless, the fact remains that no authority has been presented which directly provides that the disability parking placard is a medical opinion that the ALJ is required to afford weight.

Similarly, the prescriptions for bathtub handrails and a walker hold no apparent probative

4

value. Kujawa does not explain what medical evidence and criteria Dr. Marwah evaluated in deciding to issue those prescriptions. Furthermore, the prognosis of any such medical conditions is unknown. The legal requirements for articulating impairments forming the basis of a claim for disability are much more exacting than what is described here by Kujawa. *See Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) (quoting *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994)) ("A claimant is not entitled to disability benefits unless she is unable to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment . . . *which has lasted or can be expected to last for a continuous period of not less than 12 months*.") (internal quotation marks omitted) (emphasis added). Thus, the Court concludes that in this case, the disability parking placard and the prescriptions for bathtub handrails and a walker did not require a thorough analysis by the ALJ.

Even if the disability parking placard and the prescriptions are considered medical opinions that required in-depth analysis, the ALJ had good cause to afford those records little weight and did not err in omitting a discussion of the *Newton* factors.[3] When a treating physician's opinion about the nature and severity of a claimant's impairment is well-supported and consistent with other substantial evidence, an ALJ must afford it controlling weight. *Newton*, 209 F.3d at 455 (citation omitted). An ALJ has good cause, however, "to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

---

[3] On March 27, 2017, the Social Security Administration rescinded Social Security Ruling 96-2p, which discusses giving controlling weight to treating source medical opinions, as well as two other related rulings. Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263-01 (Mar. 27, 2017). Under the new rules, "adjudicators will not assign a weight, including controlling weight, to any medical opinion for claims filed on or after March 27, 2017." *Id.* This analysis is still required, however, because Kujawa filed her claims on July 23 and July 27 of 2012.

Generally, when an ALJ determines that there is good cause to afford a treating physician's opinion with less than controlling weight, the ALJ must assess what weight the opinion should be given based on factors enumerated in the regulations. *Id.* These factors need not be analyzed when there is "competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another," or when "the ALJ weighs the treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion." *Id.* at 458; *see also Jones v. Colvin*, 638 F. App'x 300, 304 (5th Cir. 2016) ("Furthermore, this Court has also held that ALJs are not required to consider the § 404.1527(c) factors before dismissing a treating physician's opinion if there is competing first-hand medical evidence contradicting that opinion."). "The *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009).

There is competing first-hand medical evidence contradicting Kujawa's position that the disability parking placard and prescriptions show her mobility was substantially impaired beyond the limitations in the RFC. Medical statements from Dr. Marwah himself subsequent to the disability parking placard indicate that Kujawa's gait was "unremarkable." (R. 401, 411, 632). *See Gonzalez v. Colvin,* No. SA-16-CA-00659-ESC, 2017 WL 2538595, at *5 (W.D. Tex. June 12, 2017) (finding ALJ did not err in affording a treating physician opinion limited weight and omitting a factor-by-factor analysis in part because the treating physician's own progress notes were inconsistent with the medical opinion at issue). Moreover, in a September 27, 2012, consultative examination, Enrique Porras, M.D., noted that Kujawa's "[g]ait: was normal, without limping or imbalance. Tandem walking was performed normally. Toe walking was

within normal limits." (R. 691). Thus, the Court concludes that the ALJ's decision is supported by substantial evidence in the record.

### III. CONCLUSION

**IT IS ORDERED** that the decision of the Commissioner will be **AFFIRMED**.

**SIGNED** and **ENTERED** this 16th day of July, 2018.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE